IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. **3:99-CR-204-L** |
| | § | |
| **DERRICK LEE CLARK** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are (1) Petition for Nondisclosure or in the Alternative for Expungement of Criminal History Record Information, filed August 16, 2010; and (2) Government's Motion to Strike Defendant's Petition for Nondisclosure or in the Alternative for Expungement of Criminal History Record Information, filed August 18, 2010. After considering the motions, record, and applicable law, the court **denies** both motions.

Defendant Derrick Lee Clark ("Clark") was sentenced on September 13, 1999, for the offense of Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 371. He was placed on probation and ordered to make restitution in the amount of $21,467. He successfully complied with all conditions of his probation and made full restitution as required by the court. Clark now requests that the court issue an order prohibiting criminal justice agencies from disclosing his criminal history information related to his conspiracy to commit bank fraud offense. Alternatively, Clark requests that the court expunge this information from his criminal record. The government opposes these requests and has filed a motion to strike Clark's motion on procedural grounds for his failure to include a certificate of conference or a legal brief supporting his motion.

With respect to the government's motion to strike, the court refuses to exalt form over substance. Although Clark should have complied with the local rules, the court is able to ascertain

his requested relief, and his procedural deficiencies are not fatal to this request.  The government's motion to strike is accordingly **denied**.

Clark's motion is essentially one for expungement.  His request for a court order prohibiting criminal justice agencies from revealing the contents of his criminal record is simply a distinction without a difference.  Although the court appreciates Clark's candor in his attached letter requesting expungement—wherein he explains that he was a different person 10 years ago and is now a productive member of society, dedicated father, and family man—the court does not believe that expungement is warranted in this case.  "Expungement is 'exceedingly narrow' and is granted only in exceptional circumstances."  *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 702 (5th Cir. 1997).  This circuit has held that an overturned conviction alone is insufficient to expunge criminal records.  *Id.*; *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986).

Here, Clark's conviction was not overturned; instead, it is unquestioned.  There has been no showing that an agency or official has affirmatively misused the information Clark seeks to seal.  Clark has failed to establish that exceptional circumstances exist to justify expungement of his criminal record.  Granting Clark's motion would therefore be inconsistent with existing Fifth Circuit precedent.  The court determines that Clark is not entitled to expungement and **denies** his Petition for Nondisclosure or in the Alternative for Expungement of Criminal History Record Information.

**It is so ordered** this 20th day of August, 2010.


Sam A. Lindsay
United States District Judge